McIlvaine, C. J.
1. The indictment in this case was. signed, at the end thereof, by an assistant prosecuting attorney, but not by the prosecuting attorney of the county. It is therefore claimed to be insufficient.
It is by no means clear, under our laws, that an indictment found to he a true bill by the grand jury, and properly indorsed by its foreman, need be signed at the end by any law officer of the state. But, however that may be, it is quite clear that the omission of such signature is a defect in the form of the indictment merely, and does not affect its essential averments. And, while it is true that every person accused of crime has the constitutional right “ to demand the nature and cause of the accusation against him, and to have a copy thereof,” it is also true, that as to matters of mere form in an indictment, the subject is under the-control of the legislature.
Section 107 of the criminal code provides, that “ a motion to quash may be made in all cases when there is a defect apparent upon the face, of the record, including defects in the form of indictment.” And section 111 provides that, “the accused shall he taken to have waived all defects which may be excepted to by motion to quash ... by pleading the general issue.”
In the case before us, without having moved to quash, the defendant pleaded the general issue, and afterward objected to this alleged defect in the form of the indictment,. *398 for the first time, by motion in arrest of judgment. The ■objection came too late.
2. The defendant below also moved in arrest of judgment and for a new trial, on the ground that the jury, by their verdict, did not find him guilty of any crime charged in the indictment. The verdict was “ guilty of cutting with intent to wound.” Counsel for the state claim that this was a verdict of guilty under the second count, which charged a •“ malicious cutting with intent to wound.” "We think this verdict did not respond to the whole charge as made in this count, but omitted to find the essential ingredient of malice. This finding is not equivalent to a verdict of guilty, as charged in the second count. .If the verdict had been “ guilty,” and nothing more, or “ guilty under the second •count,” it would support the judgment. In such form, it would be taken to mean “ guilty as charged.” But in the form before us, the guilt of the defendant is limited, in terms, to the mere fact “ of cutting with intent to wound.” On the trial, the fact “of cutting with intent to wound” •was not controverted, but was sought to be justified on the ground that it was done in self-defense. Upon the face of this verdict, when strictly construed, and we are bound to ■construe it strictly, the existence of this ground of defense is not ignored. The motion of the defendant below should therefore have been granted.
3. It is conceded that the verdict was defective in not responding to all the counts of the indictment. It is contended, however, on the part of the state, that this defect was cured by the subsequent entry of a nolle prosequi as to the first and third counts. It is not necessary for us now to determine the effect of such practice, further than to say that the second count, being the only one now pending against the plaintiff in error, the cause will be remanded for ,a new trial on that count, or for such other proceedings as may be allowed by law.

Judgment reversed and cause remanded.

Welch, White, Rex, and Gilmore, JJ., concurred.